**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ampelio JIMENEZ–CARDENAS,
Defendant–Appellant.**

**No. 06–30475.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 22, 2008.

Pamela Jackson Byerly, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tracy A. Staab, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Ampelio Jimenez–Cardenas appeals from the 40–month sentence imposed following his guilty-plea conviction for being an alien in the United States after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Jimenez–Cardenas contends that 8 U.S.C. § 1326(b) should be construed to require that a defendant admit or a jury find that a defendant was removed subsequent to a prior felony conviction. Even if the district court erred in applying the § 1326(b) enhancement by relying on facts not either admitted by Jimenez–Cardenas or proven to a jury, we conclude that any error was harmless. *See United States v. Salazar–Lopez,* 506 F.3d 748, 755 (9th Cir. 2007). The record includes ample evidence to demonstrate that Jimenez–Cardenas was previously removed subsequent to a felony drug-trafficking conviction. *See id.*

Jimenez–Cardenas also contends that allowing judicial fact-finding to increase the statutory maximum under § 1326(b) violates the Fifth and Sixth Amendments of the United States Constitution, and that *Almendarez–Torres v. United States,* 523

U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is invalid. These contentions are foreclosed. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir. 2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

